FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTONINO RASPA and PATRICIA RASPA, his wife, | : : : | **Hon. Dennis M. Cavanaugh** |
|  | : | **OPINION** |
| Plaintiffs, | : |  |
|  | : | Civil Action No. 07-CV-1893 (DMC) |
| v. | : |  |
|  | : |  |
| THE HOME DEPOT and/or JOHN DOE(S) #1-20 (representing presently unidentified individuals, businesses and/or corporations, who were responsible for either the ownership, operation, maintenance, supervision, design, construction, repair, inspection, and/or control of premises; or created the hazardous condition for the accident in question), | : : : : : : : : : : : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to remand by Plaintiffs Antonio Raspa ("Antonio") and Patricia Raspa ("Patricia," and collectively, "Plaintiffs"). Plaintiffs' motion is unopposed by Defendant The Home Depot. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion to remand is **denied**.

I.    **B**<span>ACKGROUND</span>[1]

    A.    <u>Tort Claims</u>

On August 30, 2006, Antonio was shopping with Michael Egierd at The Home Depot when both of them were attacked and bitten by a racoon. Antonio filed a Complaint seeking compensatory and punitive damages alleging that, as a result of his injuries, he suffered severe and permanent physical, psychological and emotional injuries; he suffered great pain; he incurred substantial medical expenses; he lost wages; and he will continue to suffer great medical expenses and lost wages into the foreseeable future. In the Complaint, Patricia alleged a loss of consortium claim. Pursuant to N.J.S.A. 4:5-2, however, Plaintiffs did not demand a specific amount of damages.

    B.    <u>Removal</u>

Defendant alleges that diversity jurisdiction exits under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and "it is likely" that the amount in controversy exceeds the sum of $75,000. Plaintiffs' Complaint, however, failed to demand a specific amount of damages and Defendant never served Plaintiff with a written request for a statement of damages upon receiving the Complaint as required under N.J.S.A. 4:5-2.

 Egierd and his wife, Leslie Egierd, also filed a Complaint seeking compensatory and punitive damages. Defendant also removed that matter to the Federal District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441. Egierd thereafter filed a Notice of Motion for Remand to the Superior Court of New Jersey, Middlesex County. Judge Stanley Chesler granted the motion and the matter was remanded to state court.

---

[1] The facts set forth in this Opinion are taken from Plaintiffs' moving papers.

Plaintiffs attempted, in light of the remand of Egierd v. The Home Depot, *et al.*, No. 07-1164 (D. N.J. July 10, 2007), to obtain defense counsel's consent to have this matter remanded to state court, but Defense counsel declined to consent to the remand.

C.     The Complaint

In the Complaint, Plaintiffs do not state the exact sum that they are seeking. Instead, the Complaint "demands judgment against the defendant Home Depot, jointly and/ or severally together with costs of suit and attorney fees." (Compl. ¶ 4 (First Count)). Furthermore, Plaintiffs "demand[] judgment . . . together with punitive damages." (Compl. ¶ 3 (Third Count)). Also, Plaintiffs demand "judgment against the defendants jointly, individually and/or severally for damages, interest, costs of suit and attorney fees." (Compl. ¶ 3 (Fourth Count)).

D.     Plaintiff's Motion to Remand

Plaintiffs argue under Samuel-Bassett v. Kia Motors Am., Inc. that Defendant has failed to establish to a legal certainty that the amount in controversy exceeds the jurisdictional threshold and, therefore, this matter should be remanded to the Superior Court of New Jersey, Middlesex County because this Court lacks subject matter jurisdiction over Plaintiffs' state law claim. See 357 F.3d 392, 398 (3d Cir. 2004).

III.   DISCUSSION

In Frederico v. HomeDepot, No. 06-2266, 2007 WL 3310553 (3d Cir. Nov. 9, 2007), the United States Court of Appeals for the Third Circuit revamped the law governing the amount in controversy in diversity remand cases and eliminated much of the confusion spurred by Samuel-Bassett and Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006). Frederico provides this Court – and other courts presented with the same issue – with much needed guidance. In Frederico, Judge

Aldisert articulated the quantum of proof necessary in ascertaining the requisite amount in

diversity removal cases and a defendant's burden of proving the amount in controversy on a

motion to remand.

It is well-settled in the Third Circuit that the party asserting federal jurisdiction in a

removal case bears the burden of showing, at all stages of the litigation, that the case is properly

before the federal court. See Samuel-Bassett, 357 F.3d at 396; see also Morgan, 471 F.3d at 473.

Here, Plaintiffs' motion must fail when applying Frederico.

The quantum of proof needed in ascertaining the requisite amount in diversity removal

cases has spurred disagreement among the district courts in the Third Circuit.[2] Also, "'[c]ourts in

<hr />

[2] See, e.g., Carrick v. Sears, Roebuck and Co., 252 F. Supp 2d. 116, 119 (M.D. Pa. 2003) (using
preponderance of evidence standard); Fosbenner v. Wal-Mart Stores, Inc., No. 01-3358, 2001 WL 1231761 (E.D.
Pa. 2001); Kobaissi v. Am. Country Ins. Co., 80 F. Supp 2d. 488, 489 n. 2 (E.D. Pa. 2000) (same); McFadden v.
State Farm Ins. Co., No. 99-1214, 1999 WL 715162 (E.D. Pa. 1999) (same); Imperial Spirits, USA, Inc. v. Trans
Marine Int'l Corp., No. 98-5469, 1999 WL 172292 (D. N.J. 1999) (same); Garcia v. Gen. Motors Corp., 910 F.
Supp. 160, 165 (D. N.J. 1995) (same); Chaparro v. State Farm Ins. Co., No. 99-2063, 1999 WL 961035, at *3-4
(E.D. Pa. 1999) (using "reasonable probability" test); Int'l Fleet Auto Sales, Inc. v. Nat'l Auto Credit & Agency
Rent-A-Car, No. 97-1675, 1999 WL 95258, at *4 n.7 (E.D. Pa. 1999) (equating "reasonable probability" standard to
"legal certainty" approach); McDonough v. Crum & Forster Pers. Ins., No. 92-0385, 1992 WL 114951, at *3 (E.D.
Pa. 1992) (applying "legal certainty" standard); Johnson v. Costco Wholesale, No. 99-3576, 1999 WL 740690, at *2
(E.D. Pa. 1999) (same); McNamara v. Philip Morris Cos., No. 98-4430, 1999 WL 554592, at *2 (E.D. Pa. 1999)
(same); Hunter v. Greenwood Trust Co., 856 F. Supp. 207, 219-20 (D. N.J. 1992) (same); Carson v. ITT Hartford
Ins. Group, No. 91-3113, 1991 WL 147469 (E.D. Pa. 1991) (same); Earley v. Innovex (N. Am.) Inc., No. 02-2130,
2002 WL 1286639, at *2 (E.D. Pa. 2002) (noting that judges of Eastern District of Pennsylvania have applied
preponderance of evidence standard but explaining that "[a]n action may not be remanded to state court unless it is
'apparent' to a legal certainty that the plaintiff's claim cannot meet the amount in controversy requirement.");
Orndorff v. Allstate Ins. Co., 896 F. Supp. 173, 175 (M.D. Pa. 1995) (adopting approach taken by De Aguilar v.
Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) whereby, if defendant establishes basis for asserting that requisite
amount in controversy has been met, plaintiff must prove "to a legal certainty that the claim is really for less
than the jurisdictional amount" in order to support remand); Neff v. Gen. Motors Corp., 163 F.R.D. 478, 482 n. 5
(E.D. Pa. 1995) (citing Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (noting that District Court "make[s]
an independent appraisal of the value of the claim"); Bishop v. Gen. Motors Corp., 925 F. Supp. 294, 299-300, 300
n.6 (D. N.J. 1996) (utilizing similar standard as Neff); DiTullio v. Universal Underwriters Ins. Co., No. 03-0239,
2003 WL 21973324, at *3-*4 (E.D. Pa. 2003) (adopting inverted legal certainty approach, in which defendant must
prove to legal certainty that plaintiff's damages are not less than $75,000); Stuessy v. Microsoft Corp., 837 F. Supp.
690, 692 (E.D. Pa. 1993) (remanding case "because ambiguity exists and doubt remains regarding the sufficiency of
the amount in controversy").

the Third Circuit [have been] unencumbered by consistency in their characterization of a defendant's burden of proving the amount in controversy on a motion to remand.'" <u>Samuel-Bassett</u>, 357 F.3d at 396 (quoting <u>Irving v. Allstate Indem. Co.</u>, 97 F. Supp. 2d 653, 654 (E.D. Pa. 2000)). In <u>Samuel-Bassett</u> and <u>Morgan</u>, the Third Circuit sought to bring clarity and consistency to the jurisprudence in the Third Circuit.

<u>Samuel-Bassett</u> articulated a template for addressing subject matter jurisdiction challenges by examining two Supreme Court cases: <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938) and <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178 (1936). In <u>Red Cab</u>, the plaintiff filed suit in state court and, in response to the defendant's removal of the case, subsequently reduced its claim below the requisite amount in an effort to have the action remanded to state court. <u>See</u> 303 U.S. at 285 (holding that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"). The Supreme Court articulated the "legal certainty test," observing that when a case is brought in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>Id.</u> at 288. The case will be dismissed only if, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." <u>Id.</u> at 289. In <u>McNutt</u>, the plaintiff brought suit in federal court and defendant contested the assertion in the complaint that the requisite matter in controversy was involved. <u>See</u> 298 U.S. at 179-80. The Supreme Court held that "the court may . . . insist that the jurisdictional facts be

5

established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." Id. at 189.

In Frederico, the Third Circuit described its opinion in Samuel-Bassett as having "disentangled the 'legal certainty' and 'preponderance of the evidence' approaches" from Red Cab and McNutt by distinguishing them on the grounds of whether the jurisdictional dispute surrounded factual matters. See Frederico, 2007 WL 3310553, at *4. This analysis, however, required the Third Circuit to overcome significant mental gymnastics. "In [McNutt], although a challenge to the amount in controversy had been raised in the pleadings, no evidence or findings in the trial court addressed the issue. In that respect, Red Cab differs because such factual findings had been made." Samuel-Bassett, 357 F.3d at 397. As a result, in the plethora of cases in which disputes regarding factual matters are involved, the McNutt preponderance of the evidence standard is appropriate for resolving the dispute. Conversely, in those cases "when relevant facts are not in dispute or findings have been made," the district court should adhere to the "legal certainty test cited in such cases as Meritcare [Inc. v. St. Paul Mercury Ins. Co.], 166 F.3d 214 [(3d Cir.1993)]; Packard [v. Provident Nat'l Bank], 994 F.2d 1039 [(3d Cir.1993)]; Bloom v. Barry, 755 F.2d 356 (3d Cir. 1985); and Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971)." Samuel-Bassett, 357 F.3d at 398.

6

<u>Red Cab</u>'s "legal certainty" test provides that:

> [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

303 U.S. at 289.

The continuing uncertainty regarding the meaning and application of "legal certainty," however, was voiced in a Ninth Circuit opinion:

> [I]t is unclear how the legal certainty burden is to be applied against a defendant seeking to establish federal jurisdiction. What type of proof can satisfy such a burden? . . . [W]hat type of proof suffices to reach the necessary quantum of a legal certainty? By inverting the [<u>Red Cab</u>] test and applying it against a party seeking federal jurisdiction, we raise these practical problems to which there are no easy answers.

<u>Guglielmino v. McKee Foods Corp.</u>, No. 05-16144, 2007 WL 2916193, at *8 (9th Cir. Oct. 9, 2007) (O'Scannlain, J., specially concurring). Under the legal certainty test, "[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed." <u>Packard</u>, 994 F.2d at 1046; <u>see also</u> <u>Meritcare</u>, 166 F.3d at 217; <u>Bloom</u>, 755 F.2d at 358; <u>Nelson</u>, 451 F.2d at 293 (citing <u>Jaconski v. Avisun Corp.</u>, 359 F.2d 931, 934 (3d Cir. 1966)).

As was observed in <u>Valley v. State Farm Fire and Cas. Co.</u>:

> All [of] these cases [referred by <u>Samuel-Bassett</u>] cite to and rely upon the <u>Red Cab</u> legal certainty standard . . . . The legal certainty standard established by the Court of Appeals in <u>Samuel-Bassett</u> is the same standard established by the Supreme Court in <u>Red Cab</u>. Under <u>Red Cab</u>, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000-a substantially different standard. This reading of the legal certainty test is supported by <u>Meritcare</u>, <u>Bloom</u>, <u>Packard</u>, and <u>Nelson</u>. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006) (internal citations omitted).

In addition to adopting the <u>Red Cab</u> legal certainty test, <u>Samuel-Bassett</u> requires a defendant to "show to a legal certainty that the amount in controversy exceeds the statutory minimum[.]" 357 F.3d at 398. The standard in <u>Samuel-Bassett</u> can be read to differ from the standard in <u>Red Cab</u>. Specifically, <u>Red Cab</u> does not expressly require a defendant to prove, to a legal certainty, that the plaintiff's claim exceeds the amount in controversy requirement. <u>See Valley v. State Farm Fire & Cas. Co.</u>, No. 06-4351, 2006 WL 3718007, at *3 (E.D. Pa. Dec. 12, 2006) (finding that <u>Red Cab</u> does not require defendant to prove to legal certainty that plaintiff can recover jurisdictional minimum).

Under the <u>Red Cab</u> test, "a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff **cannot** recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff **can**

recover $75,000 – a substantially different standard."[3] Valley, 2006 WL 3718007, at *3; see also

Nyugen v. Titus, No. 07-758, 2007 WL 2461815, at *1 (E.D. Pa. Aug. 29, 2007) ("The Red Cab

legal certainty test requires remand only when it is legally impossible for the plaintiff to recover

an amount in excess of the statutory minimum."). The arguable discrepancy between Red Cab

and Samuel-Bassett has led to some conflicting opinions.[4]

        After Samuel-Bassett – in Morgan – the Third Circuit was presented with the first class

action diversity removal case brought under the Class Action Fairness Act of 2005 (CAFA).

Morgan involved an appeal from a district court order granting a plaintiff's motion to remand to

state court because the amount in controversy required to support a diversity action under 28

U.S.C. § 1332(d)(2), an amount in excess of $5 million, had not been demonstrated. See id. at

471. In Morgan, the plaintiff expressly limited the amount in controversy to an amount lower

than the jurisdictional requirement, stating in the complaint that "the total amount of such

monetary relief for the class as a whole shall not exceed $5 million in sum or value." Id. Morgan

expressly relied on Samuel-Bassett in concluding that it is a removing defendant's burden to

---

        [3] See, e.g., Alice M. Noble-Allgire, Removal of Diversity Actions When the Amount in Controversy Cannot
be Determined from the Face of Plaintiff's Complaint: The Need for Judicial and Statutory Reform to Preserve
Defendant's Equal Access to Federal Courts, 62 Mo. L. Rev. 681, 754 (1997) (opining that under Red Cab, party
asserting federal jurisdiction bears burden of establishing that it is not legally or factually impossible to recover in
excess of jurisdictional threshold).

        [4] Compare Valley, 2006 WL 3718007, at *5-6 (concluding that Samuel-Bassett does not stand for
proposition that removing defendant must prove jurisdictional amount to legal certainty), and Yocham v. Novartis
Pharms. Corp., No. 07-1810, 2007 WL 2318493, at *1-2 (D.N.J. Aug. 13, 2007) ("by reviewing the Complaint, the
Court cannot find to a legal certainty that the amount in controversy does not exceed $75,000"), with Dent v.
Cingular Wireless, LLC, Civ. Action No. 07-552, 2007 WL 1797653, at *7 (D. N.J. June 20, 2007) (defendant must
show, to legal certainty, that amount in controversy exceeds jurisdictional threshold), Lamond v. Pepsico, Inc., No.
06-3043, 2007 WL 1695401, at *3-5 (D. N.J. June 8, 2007) (noting "confusion" regarding nature of defendant's
burden, and concluding that Defendants must prove requisite amount in controversy, $5 million, to legal certainty"),
and Brownstein v. Allstate Ins. Co., No. 06-4759, 2006 U.S. Dist. LEXIS 94577 (E.D. Pa. Nov. 16, 2006) (stating
that defendant must show that amount in controversy is met to legal certainty).

"prove to a legal certainty that the amount in controversy exceeds the statutory threshold." 471 F.3d at 474. Following Morgan and Samuel-Bassett, most courts in the District of New Jersey have required a removing defendant to establish the amount in controversy to a legal certainty, even when the complaint is ambiguous regarding the amount of damages sought.[5] At least one court has concluded that Morgan resolved any conflict over the appropriate legal standard applicable to the amount in controversy calculation in a removal case. See Bailey v. J.B. Hunt Transp., Inc., No. 06-240, 2007 WL 764286, at *4 (E.D. Pa. March 8, 2007). Other courts have reverberated the confusion that surrounds the standard. See Nyguen, 2007 WL 2461815, at *1 ("[T]here is some disagreement in this Circuit over the standard to be applied when considering the amount in controversy requirement in the removal context."); Avant v. J.C. Penny, No. 07-1997, 2007 WL 1791621, at *2 (D. N.J. June 19, 2007) (noting disagreement among district courts and stating that when complaint is silent Third Circuit has not adopted particular approach).

---

[5] See Dent, 2007 WL 1797653, at *7; Lamond, 2007 WL 1695401, at *3-5. But see Lowery v. Ala. Power Co., 483 F.3d 1184, 1208-09 (11th Cir. 2007) ("We have held that, in the removal context, where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."); Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007) ("[W]hen the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement is met."); The Home Depot, Inc. v. Rickher, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (stating, in context of removal case where complaint did not request specific amount of damages, "To meet the amount-in-controversy requirement, 'the removing litigant must show a reasonable probability that the stakes exceed the minimum.' . . . 'Once the proponent of jurisdiction has set out the amount in controversy, only a legal certainty that the judgment is for less forecloses federal jurisdiction.'") (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)); In re Minn. Mut. Life Ins. Co. Sales Practice Litig., 346 F.3d 830, 834 (8th Cir. 2003); Hayes v. Equitable Life Ins. Co., 266 F.3d 560, 572 (6th Cir. 2001); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

Applying the maxim that a plaintiff is the master of his own claim and, thus, "may limit [his] claims to avoid federal subject matter jurisdiction," Morgan concluded that, where the plaintiff so limits his claim, "[t]he party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold." 471 F.3d at 474. This "legal certainty" standard differs from that in the cases cited by Samuel-Bassett. In those cases, the challenger to subject matter jurisdiction had to prove, to a legal certainty, that the amount in controversy could not exceed the statutory threshold. See Packard, 994 F.2d at 1046; Meritcare, 166 F.3d at 217; Bloom, 755 F.2d at 358; Nelson, 451 F.2d at 293. In Samuel-Bassett, the Third Circuit stated that:

> [R]equiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to some bizarre situations. As the Court observed in Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993), oral argument presented a "comic scene: plaintiff's personal injury lawyer protests up and down that his client's injuries are as minor and insignificant as can be, while attorneys for the manufacturer paint a sob story about how the plaintiff's life has been wrecked." It would not be a surprise that when the time came for assessment of damages the parties would once again switch their views by some 180 degrees.

357 F.3d at 398. In Frederico, the Third Circuit reconciled the introductory sentence of this paragraph with the preponderance of the evidence standard by declaring that the "legal certainty" reference was not Samuel-Bassett's holding, but that it rather argues against placing such a burden on a defendant. Moreover, Frederico stated that Shaw did not advocate such a burden on the defendant, but rather observed that "Defendants seeking removal may meet that burden by a preponderance of evidence . . . which we take to mean proof to a reasonable probability that jurisdiction exists." 994 F.2d at 366 (internal citation omitted).

11

In <u>Frederico</u>, however, the Third Circuit stated that <u>Morgan</u> held that where the plaintiff expressly limits his claim below the jurisdictional amount as a precise statement in the complaint, applying the maxim that the plaintiff is the master of his own complaint, the proponent of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold. Thus, <u>Frederico</u> articulates how <u>Morgan</u> comports with <u>Samuel-Bassett</u>'s reasoning and holding. The <u>Samuel-Bassett</u> dichotomy still paves the basic procedural avenue: "In many cases . . . disputes over factual matters may be involved. In resolving those issues, the <u>McNutt</u> preponderance of the evidence standard would be appropriate. Once the findings of fact have been made, the court may determine whether <u>Red Cab</u>'s 'legal certainty' test for jurisdiction has been met." 357 F.3d at 398.

<u>Morgan</u> provided a more complete roadmap. First, it added a precept that may be applied to all diversity class actions that have been removed: "Because 'the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy,' '[a] defendant's notice of removal serves the same functions as the complaint would in a suit filed in federal court.'" <u>Morgan</u>, 471 F.3d at 474 (quoting <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 449 (7th Cir. 2005)). Second, <u>Morgan</u> erected guideposts in those cases where the plaintiff's complaint specifically and precisely states that the amount sought in a class action diversity complaint "for the class as a whole shall not exceed $5 million in sum or value." <u>Id.</u> at 471. In such cases "[t]he party wishing to establish subject matter jurisdiction has the burden to prove by a legal certainty that the amount in controversy exceeds the statutory threshold." <u>Id.</u>

Frederico reconciled the Third Circuit's decisions in Morgan and Samuel-Bassett. According to Frederico, Morgan applies to cases in which the complaint specifically avers that the amount sought is less than the jurisdictional minimum. There, a defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount. Conversely, Samuel-Bassett applies to cases in which the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. There, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Bassett, 357 F.3d at 398. Frederico has finally cleared-up much of the confusion caused by Samuel-Bassett and Morgan.

In the current case, Plaintiffs do not state an exact sum sought in the Complaint. Instead, the Complaint "demands judgment against the defendant Home Depot, jointly and/ or severally together with costs of suit and attorney fees." (Compl. ¶ 4 (First Count)). Furthermore, Plaintiffs "demand[] judgment . . . together with punitive damages." (Compl. ¶ 3 (Third Count)). Also, Plaintiffs demand "judgment against the defendants jointly, individually and/or severally for damages, interest, costs of suit and attorney fees." (Compl. ¶ 3 (Fourth Count)). Therefore, it is more likely than not that more than $75,000 is in controversy in this case. Moreover, Plaintiff also seeks attorneys' fees, which alone can exceed six figures. The Complaint does not contain any mention of the sum or value of the matter in controversy. Furthermore, in Morgan, the plaintiff expressly limited, in her complaint, the damages sought to less than the jurisdictional threshold. See 471 F.3d at 471. Here, by contrast, Plaintiffs do not expressly limit the amount in

13

controversy to $75,000 or less. Therefore, the case falls under the framework established by Samuel-Bassett.

Plaintiffs are seeking compensatory damages. In addition, they are seeking punitive damages, which must be considered when calculating the amount in controversy. See Golden *ex rel*. Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004). Perhaps most importantly in the current case, in Judge Chertoff's opinion in Golden, in which he was joined by Judge, now Supreme Court Justice, Samuel Alito, the Third Circuit held that punitive damages can be aggregated with compensatory damages to arrive at the amount in controversy requirement. See 382 F.3d at 355 ("Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous and without foundation . . . . If appropriately made, therefore, a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum."). This was echoed in the recent opinion in Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc. See No. 06-1405, 2007 U.S. App. LEXIS 18827, *2-*3 (3d Cir. 2007). Under New Jersey law, Plaintiffs can collect punitive damages of up to five times the compensatory damages. See N.J.S.A. § 2A:15-5.14(b). Combined with compensatory damages, the punitive damages will likely bring Plaintiffs' damages in excess of the $75,000 jurisdictional requirement. This Court must also consider attorney's fees, which can be significant. See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997). Thus, this Court is satisfied that the Red Cab legal certainty test is met. As it does not appear to a legal certainty that Plaintiffs cannot recover the jurisdictional amount, the case need not be remanded.

14

It should be noted, however, that while Plaintiffs' motion to remand is denied, this result is not inconsistent with Egierd v. The Home Depot, *et al.*, No. 07-1164 (D. N.J. July 10, 2007). In Egierd, Judge Chesler held oral argument for the motion to remand on July 9, 2007 and he issued the Order on July 10, 2007. Frederico was argued two days later – on July 12, 2007 – and the Third Circuit filed its opinion on November 9, 2007. Judge Chesler's decision in the companion case was correct considering the existing law, namely Samuel-Bassett and Morgan. Frederico came just in time to provide much needed guidance in this case.

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that the amount in controversy exceeds $75,000. Accordingly, Plaintiffs' motion to remand is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December   21  ,  2007
Orig.:        Clerk
cc:           All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

15